[PHILADELPHIA, MARCH 27, 1830.]

## SNYDER *against* VAUX.

### IN ERROR.

If, in replevin for trees cut down upon the plaintiff's land, the court be requested by the defendant to charge the jury, that if they believe he cut the trees in question, under a claim of property in the soil whereon they grew, the plaintiff is not entitled to recover; and it matters not, whether the claim were well or ill founded, it is sufficient to say, that if the jury believe that the defendant was in possession of the land from which the trees were cut, under a claim of title, the action could not be maintained; but if they believe he was not in possession, nor had either title, or claim of title, then the action was well brought, and the plaintiff was entitled to recover; and such answer is correct in point of law.

If trees cut down upon the plaintiff's land be converted by the defendant into rails and posts, this is not such an alteration of the property as will prevent the plaintiff from recovering in replevin.

WRIT of error to the Court of Common Pleas of *Northampton* county, in an action of replevin, brought by *George Vaux*, the defendant in error, against *Godleib Snyder*, the plaintiff in error, for taking and unjustly detaining ten thousand chesnut rails, of the value of three hundred dollars, and three thousand chesnut posts, of the value of two hundred dollars.

The sheriff returned, "replevied as to part, to wit: three thousand three hundred and seventy-nine chesnut rails, and two hundred chesnut posts, and forty-two stakes; and not found as to the residue, and delivered to the plaintiff."

The plaintiff declared for ten thousand chesnut rails, and three thousand chesnut posts, of the value of seven hundred dollars, which the defendant took, and unjustly detained against sureties and pledges, &c.

The jury found a verdict, "for the plaintiff for the rails and posts replevied, and five dollars damages for the unjust taking and detention, and full costs of suit."

The court below entered judgment for the plaintiff, and that he recover his damages for the taking and unjustly detaining, &c., with full costs, &c.

On the trial of the cause, the following points were propounded to the court by the counsel of the defendant below:—

"1. That if the jury believe that the defendant cut the trees in question, under a claim of property in the soil whereon the trees grew, the plaintiff is not entitled to recover; and if that claim were really made, it matters not whether the claim were well or ill founded.

"2. That if the trees were split into rails and posts, and thus

(Snyder *v.* Vaux.)

their character and identity altered, the plaintiff cannot maintain replevin."

Answers of the court to the points propounded:—

"To the *first* point, the court answers, that if the jury believe, that the defendant was in possession of the land from which the trees were cut, under a claim of title, then this action of replevin cannot be maintained; but if the jury believe, that the defendant was not in possession, nor had either title, or claim of title, then this action is well brought, and the plaintiff is entitled to recover; for certainly replevin is not the proper form of action to try title to land *ex directo,* though incidentally, title in such action may be called in question; it is to try the title to personal property, and not to real estate. Replevin cannot be maintained by one not in the actual exclusive possession, whatever his title may be, against one who is in the possession claiming right. In the matter now before us, the possession was not vacant; if the defendant was not in possession, the plaintiff, the admitted owner of the title to this woodland, was in the constructive actual possession.

"To the *second* point, the court answers, that making trees into rails and posts, is not such an alteration of the property as to prevent the plaintiff from recovering them in replevin."

The following errors were assigned in this court:—

"1. That the declaration is defective in not setting forth, that the defendant detained the goods and chattels, &c. until they were delivered to the plaintiff by the sheriff, &c., and in counting for more than the sheriff replevied, and delivered in virtue of the writ.

"2. That the sheriff replevied and delivered to the plaintiff, forty-two stakes, which are not mentioned in the writ; and there is no award of *retorno habendo* to the defendant for the said stakes.

"3. That the court did not answer the *first* point propounded by the counsel of the plaintiff in error, who was defendant below; and so far as the same is answered, the answer is erroneous.

"4. That the answer of the court to the *second* point is erroneous."

*Brooke* and *Porter,* for the plaintiff in error.

1. The declaration is neither in the *detinet* nor *detinuit.* It sets forth no cause of action. The injury complained of should be correctly set out according to the truth. The court could not tell whether the property replevied, was delivered or retained on a claim of property. The defect is not matter of form but of substance, as it affects materially both the damages and the form of the verdict and judgment. It, therefore, is not cured by verdict. 2 *Chitty Pl.* 412. 5 *Jacobs's Law Dict.* 489. *Replevin, Sect.* 3.

"2. The declaration does not correspond with the writ. 1 *Saund.* 318, *Note. Easton* v. *Worthington,* 5 *Serg. & Rawle,* 130.

(Snyder *v.* Vaux.)

3. The court did not answer the *first* proposition submitted by the defendant below. The question proposed was, whether, if the defendant entered and cut down the trees, claiming title in any one, himself, or any one else, adversely to the plaintiff, the plaintiff was entitled to recover. The court said, that he must enter under colour of title in himself; and almost said, he must show a good title. *Snyder* did not claim title in himself, but denied the title of the plaintiff below. In no instance will replevin lie for trees cut down upon the land, for it necessarily involves the question of title to the land itself. To establish a title to the trees, the first step must be, to show title to the land on which they grew; and nothing is better settled, than that the title to real estate cannot be tried in replevin, or any other personal action. *Mather* v. *Trinity Church*, 3 *Serg. & Rawle*, 509. *Brown* v. *Caldwell*, 10 *Serg. & Rawle*, 114. *Baker* v. *Howell*, 6 *Serg. & Rawle*, 476. *Irvine* v. *Hanlin*, 10 *Serg. & Rawle*, 220. The defendant below was in the actual, exclusive possession at the time the trees were cut down. The land was vacant, and the moment he entered, he was in the actual possession; he had the *possessio pedis*, which gave him the right to retain the timber he had cut, leaving the plaintiff below his remedy by action of trespass, *quare clausum fregit*. It is important to the merits of this case, that the proper forms of action, established by the wisdom of ages, should be preserved. If trespass had been brought, the damages would have been only the value of the timber in its rough state, and the defendant below would not have lost his labour, unless the trespass was wantonly committed; but by replevin, the plaintiff gets the timber after the defendant's labour has altered its form, and given it an increased value. The defendant went on the land innocently believing it to be actually vacant, and ought not to lose his labour.

4. The court below erred in saying, that the property was not so altered as to prevent a recovery by the plaintiff. If he had any property in the trees, it attached at the moment they were cut down, and the character of the property was afterwards changed. It must possess the same character at the time of the replevin that it had when the right attached. Upon the opposite principle, if a cow has been taken, the owner may have replevin for the hide, or even for the leather, after it has been made into shoes, or replevin may be maintained for wood after it has been made into barrels, tubs, or churns, and mixed with other wood. The question is, whether the property has been so altered, that a person who knew it before the alteration, would not know it afterwards. The party who sues out a replevin, is bound to show the property to the sheriff, which could not be done in the present instance. No case can be found, in which replevin has been sustained, where the property has been altered. Trespass and trover differ materially from replevin, the former being for the recovery of damages, and the latter for the identical thing taken. 6 *Bac. Ab.* 69. *Moore*, 394. 2 *Brownl.* 139.

(Snyder *v.* Vaux.)

5 *Jacobs's Law Dict.* 487. Instances, therefore, in which trespass or trover have been maintained, where the property has undergone a change, have nothing to do with the present question.

*Chauncey,* for the defendant in error, who was requested by the court to confine himself to the *third* and *fourth* points made by the counsel of the plaintiff in error, observed, in respect to the *third*, that the judge did answer the question submitted to him fully and rightly, and almost in the words of the Supreme Court in *Brown* v. *Caldwell*, 10 *Serg. & Rawle*, 114. The court below did not say, that the defendant must show title, or any thing like it; but merely, that if the defendant was not in possession, and had neither title nor claim of title, this action could be maintained. This is clearly right. Title is not necessary to be shown, but merely possession. Here the defendant did not even assert a title; he was a mere trespasser, and could acquire no title by his trespass. The plaintiff, on the other hand, being the undisputed owner of the land, was in constructive, actual possession of it; the possession, in contemplation of law, always accompanying the title, unless there is an actual, adverse possession.

4. The rule is, that replevin will not lie where the property has undergone an essential change in its character, so that its identity cannot be shown; but where the essence of the thing remains, though the form be changed, this action can be supported. The cases put by the opposite counsel, and in the books, in which it will not lie, are extreme cases, in which the property has been made up into something else, and totally lost its original character. This has been the law from very ancient times. *Udal* v. *Udal*, *Alleyn*, 82, 3d *Resolution. Moore*, 19, 20. 20 *Vin.* 419. *Cro. Car.* 242, 274. This rule has been acted upon repeatedly in *New York*, in cases of trespass and trover, in which the principle is exactly the same as in replevin. 5 *Johns. Rep.* 348. *Curtis* v. *Groat*, 6 *Johns. Rep.* 168. *Babcock* v. *Gill*, 10 *Johns. Rep.* 287. 7 *Cowan's Rep.* 95. No question of title can possibly arise in this case, for the defendant below admits, that he was a trespasser, and the plaintiff the owner of the soil. Unless, therefore, the defendant can acquire a title by his trespass, and bestowing his labour on what was not his own, this suit may be maintained.

The opinion of the court was delivered by

SMITH, J.—The defendant in error brought an action of replevin against the plaintiff in error, for taking and detaining ten thousand chesnut rails, and three thousand chesnut posts, together of the value of five hundred dollars. A part only of the rails and posts was replevied and delivered to the plaintiff, for which the jury found for him, with five dollars damages for the *unjust* taking and detention, and full costs of suit, whereupon the court rendered judgment. The defendant below, on the trial, requested the court to charge the jury, that if they believed that he cut the trees in question,

(Snyder *v.* Vaux.)

under a claim of property in the soil whereon the trees grew, the plaintiff was not entitled to recover, and if such claim were really made, it mattered not whether it were well or ill founded. *Secondly,* that if the trees were split into rails and posts, and their character and identity were thus altered, the plaintiff could not maintain replevin. The court, after submitting the facts to the jury, instructed them, that if they believed that the defendant was in possession of the land from which the trees were cut, under a claim of title, then this action of replevin could not be maintained; but if they believed, that he was not in possession, nor had either title, or claim of title, then this action was well brought, and the plaintiff was entitled to recover. And *thirdly,* the court answered, that making trees into rails and posts, was not such an alteration of the property as to prevent the plaintiff from recovering them in replevin.

The errors assigned, and insisted on, relate to these instructions of the court. It is alleged, that the court did not answer the first point propounded, and so far as the same was answered, the answer was erroneous, and that the answer of the court to the second point was also erroneous. I think the first point was answered fully and correctly. The court took the long and well settled ground, that title to land could not be tried in an action of replevin, *ex directo,* although it may sometimes incidentally come in question; and, therefore, if the trees had been cut, under an actual claim of title, it would have been necessary for the injured party to pursue a different remedy; but if the defendant had neither possession, title, nor claim, he was a mere trespasser, and the plaintiff had an undoubted right to recover. Thus the court sufficiently answered the legal proposition involved in the point, referring the matter of fact to the jury.

2. But it is contended, that the trees cut had been changed into rails and posts, and their identity so altered, that replevin could not be maintained. The cases cited by the plaintiff in error, do not support the doctrine contended for. A wilful trespasser cannot acquire title to property, merely by changing it from one article into another, as by working trees cut down into shingles, or into cord wood, logs or rails. And that the law has been so from time immemorial, is evident from the year books, where it is said, that whatever alteration of form any property may undergo, the owner thereof may take it in its new shape, provided *he can prove the identity of the original materials;* as if leather be made into shoes, cloth into a garment, trees squared into timber, or iron made into bars. And the same doctrine is recognized in modern cases. See 5 *Johns. Rep.* 340. 6 *Johns. Rep.* 168. 10 *Johns. Rep.* 287, and 7 *Cowan,* 95. It is true, that if the plaintiff fail to prove the identity of the property in question, or in other words, to show that the original materials were the same which belonged to him, he cannot recover; but whether the same or not, is an inquiry into a fact, which falls within the province of the jury. The pernicious

consequences of a different rule, are sufficiently obvious. Should a wilful trespasser be able to protect himself by any change which he might communicate to the shape or form of the materials, an unbounded license would be given to plunder, and the security of personal property would be exceedingly diminished.

In *Pennsylvania*, the action of replevin has been liberally extended, and it embraces almost every case of personal property which is in the possession of one person, and claimed by another. It will lie for the rails and posts, sued for in the present suit.

Other errors were assigned, but were abandoned on the argument, and, therefore, need not be considered. The plaintiff, then, in our opinion, has failed to support the errors assigned, and the judgment is, therefore, to be affirmed.

Judgment affirmed.