## OSCAR ANDERSON and RICHARD R. WAUGH
### *v.*,
## HENRY HAPLER.

1. REPLEVIN — *in what consists the "plaint."* At common law, the original writ in an action of replevin issued out of the Court of Chancery, and could be sued out only at Westminster. To remove the inconvenience of procuring the writ when required in a distant part of the kingdom, the statute of Marlbridge was passed, which provided that if the beasts of any man were taken and wrong-fully withholden, the sheriff might, after complaint made to him thereof, deliver them without "let or gainsaying" of him who took the beasts. The original writ was thus dispensed with, and a proceeding upon a complaint made to the sheriff under the statute, was called a "proceeding by plaint."

2. The Revised Statutes of this State provide that the proceedings in an action of replevin shall be commenced by *plaint*, and the word has the same meaning that it had regarding proceedings under the statute of Marlbridge. It signifies that there is to be a complaint made that the goods or chattels were wrongfully taken, or are wrongfully detained, and this complaint is embodied in the affidavit required by our statute; in that manner the plaint mentioned in the statute is made.

3. REPLEVIN — *when it lies.* The owner of land may bring replevin for chattels severed from it where there was no adverse possession, but not if the land was held adversely. He can not assert his title to the land in that manner. *Semble*, that a landlord may bring replevin for chattels wrongfully severed from the freehold by a tenant.

WRIT OF ERROR to the Circuit Court of Putnam county.

This was an action of replevin, commenced in the Bureau county Circuit Court, to August term, 1863, and was taken by change of venue to Putnam county, and tried before the Hon. S. S. RICHMOND and a jury, at October term, A. D. 1863.

Declaration counts on the wrongful detainer by plaintiffs in error of about 100 cords of wood piled up at Trenton, Ill.

*Pleas* — 1st. *Non detinet.* 2d. Not the property of plaintiff. 3d. Wood was property of defendant Anderson, and not of plaintiff. 4th. Wood was the property of defendants, and not of plaintiff. Jury found the property in plaintiff, and defendant guilty of detainer. Motion for a new trial overruled. The following agreement was filed in the case, November 2, 1863:

It is stipulated by and between the parties to the above suit, that on the trial thereof in said court, at said term, before the jury, that plaintiff proved title in himself *prima facie*, by a regular chain of conveyance from the United States, to the following described lands, to wit:

Fraction section thirty-three (33) 12 $\frac{81}{100}$ acres, and fractional section twenty-eight (28) 10 acres, both in township thirty-three (33) north, of range two (2) west of the 3d principal meridian, in Putnam county and State of Illinois.

That the plaintiff acquired such title on the 16th of April, 1863.

Plaintiff then proved that defendant, Oscar Anderson, cut the wood in controversy from said tracts between the 22d day of April, A. D. 1863, and the 11th day of June, A. D. 1863, and that at the time it was replevied, he, Anderson, had caused the same to be piled at Trenton, in Bureau county, and it was in Anderson's and Waugh's, the defendants, possession; and the plaintiff then proved that the said property in controversy was replevied from the possession of the said defendants when this suit was brought, and thereupon plaintiff rested.

It is admitted by said agreement that defendants then offered in evidence, as color of title, a tax deed from the sheriff of Putnam county, which is a deed in the usual form for the lands before described, dated on the 24th day of March, A D. 1863, acknowledged before John P. Gerluich, clerk of the Circuit Court, and duly recorded in the recorder's office of Putnam county aforesaid.

Defendants also offered in evidence two certificates of purchase owned by them, made by the treasurer of said county of Putnam, for the lands aforesaid, upon which said tax deed was made, which certificates were indorsed to them by E. F. Pulsifer the purchaser at the tax sale.

That defendants offered to prove that on the 24th of March, A. D. 1863, they recorded said tax deed as aforesaid, and stipulated to follow up the proof by showing that within three or four days after the date of said tax, they, said Anderson and Waugh, entered into the peaceable possession of said land, the

same being vacant and unoccupied, in good faith, and made valuable improvements thereon, and had since retained the same, no objection being interposed to the order of such proof.

That the tax deed and certificates and evidence last aforesaid, was objected to by plaintiff's counsel and excluded by the court.

That defendants then offered said tax deed and certificates as absolute title to the land aforesaid; all of which evidence was excluded by the court, and defendants excepted to the opinion of the court in excluding said evidence.

That the jury found the issues for the plaintiff. That defendants entered a motion for a new trial, assigning as a reason therefor that the court erred in excluding said evidence. That the verdict was contrary to law and the evidence.

That the court overruled the motion for a new trial, and defendants excepted.

That defendants then entered a motion in arrest of judgment, which was overruled, and defendants excepted.

Agreement to operate as a bill of exceptions; formal and technical questions waived; and court to decide on the substantial merits.

Messrs. Burns & Cummins and Messrs. Bangs & Shaw for the plaintiffs in error.

Mr. Milton T. Peters for the defendant in error.

Mr. Justice Beckwith delivered the opinion of the Court:

At common law the action of replevin was commenced by an original writ, issued out of the court of chancery, directed to the sheriff of the county where the goods and chattels to be replevied were, commanding him to replevy and deliver them, and to cause the defendant to be brought to justice for their wrongful detention. An original writ was only issued at Westminster, and to remove the inconvenience of procuring one when required in a distant part of the kingdom, the statute of Marlbridge, 52 Hen. II, ch. 21, was passed, which provided

that if the beasts of any man were taken and wrongfully withholden, the sheriff might, after complaint made to him thereof, deliver them without "let or gainsaying" of him who took the beasts. The original writ was thus dispensed with, and a proceeding upon a complaint made to the sheriff under the statute, was called a "proceeding by plaint."

The Revised Statutes of this State (chap. 88, § 5) provide that the proceedings in an action of replevin shall be commenced by *plaint*, and the word has the same meaning that it had regarding proceedings under the statute of Marlbridge. It signifies that there is to be a complaint made that the goods or chattels were wrongfully taken or are wrongfully detained. Our statute requires an affidavit to be filed by the plaintiff, or by some one in his behalf, stating that he is the owner of the property about to be replevied, or that he is then lawfully entitled to the possession thereof, and that the same has not been taken for any tax, assessment or fine levied by virtue of any law of the State, nor seized under any execution or attachment against the goods and chattels of such plaintiff, liable to execution or attachment. It is usual to state in the affidavit that the goods and chattels were wrongfully taken or are wrongfully detained, and in that manner the plaint mentioned in the statute is made.

It is a controverted question whether the action could be brought at common law for goods or chattels which had come lawfully to the possession of the defendant, and were only wrongfully detained. In New York it was held that an action lay only for goods or chattels unlawfully taken and detained; and in Massachusetts it was held to be a proper remedy for goods and chattels unlawfully detained, without reference to the mode by which the possession of the defendant had been acquired. Our statute gives the remedy where the goods or chattels have been wrongfully distrained or otherwise wrongfully taken, or shall be wrongfully detained. The possession of land was always a sufficient title thereto as against a stranger. The rightful owner could not forcibly enter and eject a disseizor, nor question his rights, excepting in a real or possessory action

for the recovery of the land. The possessor of lands might bring replevin for chattels severed from the freehold; and as the ownership of lands drew to it the constructive possession, the owner might bring replevin for chattels thus severed where there was no adverse possession. But the owner could not bring replevin for chattels severed from land in the adverse possession of the defendant, or of a third person. The law does not permit him to assert his title to the land, against the person in adverse possession, in that manner. Morris on Replev. 57, 58; 1 Smith's Lead. Cas. 485; 1 Chit. Pl. 163; *Eaton* v. *Southby*, Willes, 131; *Snyder* v. *Vaux*, 2 R. 427; *Vausse* v. *Russell*, 2 McCord, 329; *Mather* v. *Trinity Church*, 3 S. and R. 509; *Baker* v. *Howell*, 6 id. 476; *Brown* v. *Caldwell*, 10 id. 114; *Powell* v. *Smith*, 2 W. 126; *DeMott* v. *Hayeman*, 8 Cow. 220; *Davis* v. *Easeley*, 13 Ill. 192. Consistently with this rule a landlord might bring replevin for chattels wrongfully severed from the freehold by a tenant, as the title to the land is not thereby drawn in question. *Langden* v. *Paul*, 22 Vt. 205; *Sands* v. *Pfiefer*, 10 Cal. 258; *Sanders* v. *Reed*, 12 N. H. 558.

The judgment of the court is reversed and the cause remanded.

*Judgment reversed.*