# Brooks v. Rogers.

*Action of Trover by Landlord against Tenant for Wood cut from Rented Premises.*

1. *Action of trover by landlord against tenant for wood cut from rented premises.*—While an action of trespass for injuries to land by the tenant can not be maintained by the landlord, so long as the tenancy continues, and trover can not be maintained by the owner of the land against one in adverse possession for the conversion of timber severed from the freehold, a landlord can maintain an action of trover against his tenant, pending the tenancy, for wood wrongfully cut from the demised premises, and converted by the tenant. Such action involves no inquiry as to the title of the land from which the severance was made, and no inquiry as to the possession of said land.

2. *A claim of forfeiture by landlord and a denial of forfeiture by tenant do not show adverse holding; exclusion of such evidence not error.*— The facts that the landlord claimed a forfeiture of the lands because of the wrongful severance by the tenant of timber from the leased premises, and that the tenant denied the forfeiture, and put the landlord to an action of ejectment to recover the land before the lease expired, which action was pending and being resisted by the tenant when the landlord brought an action of trover against the said tenant to recover for the conversion of the timber wrongfully severed, do not tend to show that the tenant held the land adversely to the landlord; and the exclusion of such evidence in the action of trover is not erroneous, and affords no ground of complaint to the defendant therein.

3. *The lease competent evidence in an action of trover by landlord against tenant.*—In an action of trover by the landlord against his ten-

ant, pending the lease, for the conversion of timber wrongfully cut from the demised premises, it is competent for the landlord to introduce in evidence the lease that was current at the time such suit was brought, as showing that the defendant's possession was not adverse to the plaintiff.

4. *Same.*—The fact that part of the lease so introduced in evidence might be looked to by the jury to determine what were the stipulations of a previous lease between the same parties in a certain particular, furnishes no ground for the exclusion of the lease, or the part specially objected to; and the fact that the provision singled out tends to contradict the oral testimony of defendant, of itself, makes the overruling of the motion correct.

5. *Bills of exception no part of the record; rulings on the pleading shown only therein will not be considered on appeal.*—A bill of exceptions is no part of the record of the trial court, and rulings on the pleading which are not shown by the record proper, but appear only in the bill of exceptions, will not be reviewed by the appellate court.

6. *Objection to deposition; when too late.*—An objection to a deposition, which is not made before the trial is entered upon, and it is not shown that the ground of the objection transpired or became known to the party objecting only after the trial began, comes too late and is properly overruled.

7. *Objection to testimony because not responsive; when properly overruled.*—If a part of the testimony of a witness, as shown by her deposition, is not responsive to the cross interrogatory under which it was given, but was competent evidence in the cause, and was but the repetition of facts to which the witness had deposed, in response to interrogatories in chief, an objection to such testimony is properly overruled.

8. *Measure of damages in trover for conversion of wood.*—In an action of trover for the conversion of wood wrongfully cut from the leased premises, the measure of damages is the value of the wood at the time of the conversion, with interest to the time of trial.

9. *Burden of proof as to release of cause of action.*—In an action of trover by the landlord against the tenant for the conversion of wood wrongfully cut from the rented premises, where the tenant claims that the landlord had released the cause of action, the burden of proving such release is upon the tenant.

10. *Landlord's acceptance of rent not a release for conversion of wood by tenant.*—While the facts that the acceptance by the landlord of rent from his tenant, for a period subsequent to the wrongful severance of trees from the leased premises and the conversion thereof by the tenant, and that the landlord executed a new lease for a subsequent time, may amount to a waiver of the forfeiture of the lease current at the time of the severance, they do not operate as a release of the tenant's liability for the wood wrongfully severed and converted by him.

11. *Charges invasive of the province of the jury.*—In an action of trover for the conversion of timber wrongfully cut from the leased prem-

ises, a charge instructing the jury that if they believe from the evidence that the defendant cut down the trees and converted them under the belief that he had the right to do so under the lease, they "should fix the value of the wood at the place it was cut, after deducting the cost of cutting the same, and after deducting the cost of hauling the same," is properly refused as being invasive of the province of the jury.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This was an action of trover instituted by Mrs. Charlotte Thompson Rogers against John D. Brooks on April 22, 1891; and sought to recover damages for the wrongful conversion by the defendant of a large quantity of wood which had been cut and severed from the plantation of the plaintiff. There was a demurrer interposed to the complaint, but the record discloses no ruling thereon. The bill of exceptions states that the defendant pleaded the general issue and, by special pleas, set up as a defense, that at the time of the alleged conversion he was in the actual possession of the property, from which the trees were cut and the wood sold, as the tenant of the plaintiff, and, as such tenant, he was "claiming use, occupation and possession of the said property adversely against the plaintiff and all the world for the term of said lease;" and that whatever portion of said wood was converted was in fact cut down and severed from the property during the continuance of such adverse holding and possession. There were demurrers interposed to these pleas, but the rulings of the court thereon are only shown in the bill of exceptions, which makes it unnecssary to set them out in this statement. The judgment-entry recited that issue was joined on the pleas. In accordance with the verdict of the jury, there was judgment for the plaintiff, assessing her damages at $2,603.

On the first trial of this cause in the court below, the jury failing to agree upon a verdict, there was a mistrial. Upon the cause coming up for the second trial, the bill of exceptions recites that "The defendant informed the court that since the last term of this court the plaintiff had rescinded the lease under which the defendant held, and claimed right of possession to said plantation described therein, from which the said trees were alleged to have been severed and converted into wood, for the value of which the suit is prosecuted; and that the

plaintiff had commenced an action of ejectment in this court against the said defendant herein for the possession of said plantation, and that said defendant has refused to surrender the possession of said plantation to the plaintiff, and was then resisting said action of ejectment, and had filed in this cause the plea which was then read to the court.'' This plea alleges as a defense that at the time of the hearing of this cause the defendant was in the actual use, occupation and possession of the property described in said suit and claimed the same adversely against the plaintiff and all the world for the term of said lease, at the time of the alleged conversion of said wood, and that the defendant had not committed any breach of the contract of lease, and, therefore, refused to surrender the possession of said plantation. The defendant then moved the court to allow this plea to be filed as a plea in this suit ; but upon the plaintiff's objection and motion to strike said plea from the file, the court refused the motion of the defendant and struck the plea from the file. To this ruling of the court the defendant duly excepted. Thereupon, as is stated in the bill of exceptions, the defendant pleaded the general issue ''in short by consent, with leave to give in evidence any matter that might be introduced under a special plea.''

The testimony for the plaintiff tended to show that her plantation was leased to the defendant in 1883 through her attorneys and agents, Sayre & Graves, for five years ; that this contract of letting was in writing and had been misplaced ; that one of the provisions of this contract was that the tenant was not to cut or destroy any of the wood or timber on said plantation except for farm purposes, and such timber as would be necessary to reclaim and clear up such of the land as had grown up in small pines ; that at the expiration of this lease the defendant again, by a verbal lease, rented from Sayre & Graves the said plantation for a term of one year from January 1st, 1888, to January 1st, 1889 ; that when the plaintiff and her husband went upon the plantation in the early part of the year 1888 they discovered that a great deal of the timber had been cut from the plantation, and that the defendant had converted the same to his own use, selling it in open market ; and that upon ascertaining this fact the plaintiff objected. It was fur-

ther shown that on March 15, 1888, the plaintiff made with the defendant a written lease for five years from January 1st, 1889, having therein the express covenant on the part of the defendant, that he would not "cut down nor destroy any of the wood or timber on said premises, except such as are absolutely necessary for the plantation purposes, for fuel, repairs, and improvements to be used or placed thereon;" and it was expressly stipulated that in the event of the breach of this covenant or any of the covenants contained in said contract of letting the lease could be rescinded by the plaintiff. It was also in evidence on the part of the plaintiff that the original lease made in 1883 contained similar covenants and stipulations.

The evidence for the plaintiff tended further to show that during the pendency of the 1st, 2d and 3d leases the defendant had cut down and converted to his use a large quantity of timber and wood from the plantation of the plaintiff. Upon the plaintiff's introducing in evidence the lease executed on March 15, 1888, the defendant objected, because the evidence showed that said lease was not in force at the time of the alleged wrongful cutting of wood, for which the suit was prosecuted. The court overruled this objection and the defendant duly excepted.

Upon the examination of Loraine Rogers as a witness for the plaintiff, the defendant handed him the written notice of the rescission of said lease of March 15, 1888, which notice was dated December 4, 1891, and asked the witness if the said notice had not been served on the defendant. The plaintiff objected to this question, whereupon "the defendant read said notice to the court, and stated to the court that he expected to show by said witness that since the mistrial of the case at the last term of said court, the plaintiff had served defendant with a written notice of alleged forfeiture of said lease of March 15, 1888, on the part of the defendant, and had notified defendant that she had rescinded said lease on account of said forfeiture, and demanded possession of said plantation of the defendant as shown by said notice," and that the defendant had denied said forfeiture and refused to surrender the possession of said plantation, except on terms and conditions stated by the defendant. The court sustained the objection of the

plaintiff, and the defendant duly excepted. The defendant then offered to introduce in evidence, for the purpose of having the same identified by the witness Loraine Rogers, another communication dated Nov. 19, 1891, from the plaintiff and her husband addressed to the defendant, in which, after stating the cause of the forfeiture of the lease, and notifying said Brooks of her rescission for such reason, she demanded the immediate possession of her plantation. The plaintiff objected to the admission of this instrument, the court sustained the objection, and the defendant duly excepted. The defendant sought to introduce in evidence the summons and complaint in the ejectment suit, but upon the objection of the plaintiff, the court refused to allow the same to be introduced, and the defendant duly excepted. Upon the witness, Loraine Rogers, being asked as to the value of the wood cut from the plaintiff's plantation, the defendant objected to such testimony, and duly excepted to the court's overruling his objection. The defendant moved to exclude from the jury that portion of the lease of March 15, 1888, which prohibited the cutting of wood or timber on the plantation, on the ground that this provision in said lease was not shown to be the same as that in the lease pending at the time of the alleged conversion of the trees, for the value of which this suit was prosecuted. The court overruled this motion, and the defendant duly excepted.

Upon the introduction of the deposition of the plaintiff the defendant objected thereto "because said deposition was taken prior to the trial of the cause in this court at the last term of this court, and for the purpose of being used on that previous trial, on the ground that the plaintiff was not a resident of Alabama, residing in New York; but she was now a resident of the city of Montgomery, and could be put on the stand as a witness. The court overruled this motion, and the defendant duly excepted.

In the sixth interrogatory propounded by the defendant to the plaintiff, the question was asked if the husband of the plaintiff, acting as her agent, had not consented, at the time of making the last lease with the defendant, that he, the defendant, could haul and sell wood cut from a certain portion of the leased premises. To this cross interrogatory the plaintiff answered, "that

[Brooks v. Rogers.]

she has never given verbal permission to cut wood on her plantation, and that the only permission she has given is in the lease signed in March, 1888.'' The defendant moved the court to exclude from the jury the plaintiff's answer to this cross interrogatory, on the ground that it was not responsive to the said cross interrogatory, and was irrelevant and incompetent. The court overruled this motion, and the defendant excepted.

In the second cross interrogatory propounded to the plaintiff there was asked, among other questions, the following : ''Did not his [defendant's] lease cover the whole plantation, and give him the right to cultivate any part thereof, and to reclaim lands lying out and uncultivatable ?'' Among the other answers given by the plaintiff to the second cross interrogatory she answered as follows : ''She is certain it (the lease) gave him no right to cut timber for other than plantation purposes.'' The defendant moved the court to strike out from the jury this portion of the answer of the plaintiff to the second interrogatory, on the ground that the same was not responsive to said interrogatory. The court overruled the objection and motion, and the defendant duly excepted.

The testimony for the defendant tended to show that under his lease he had the right to clear up the property, and cut down such trees as were necessary ; that on a visit to her plantation by the plaintiff and her husband defendant said to them that it was necessary for him to cut the wood and sell the same in order that he could pay the rent, but if Mr. Rogers objected he (the defendant) would stop ; and that thereupon the husband of the plaintiff said : ''Oh no, go ahead.'' The testimony for the defendant further tended to show that he had paid the rent regularly every year as the same fell due.

The defendant separately and severally excepted to the following portions of the general charge given by the court : ''The fact that another suit is pending here for the recovery of the land, from which the wood was cut, can have no influence on the right of recovery by plaintiff whatsoever in this suit.'' ''That the plaintiff was entitled to recover interest on whatever wood that they might find defendant was chargeable with cutting, from the time of the cutting of the wood.'' At the request of the plaintiff, the court gave the following written

charges to the jury : (1.) "If the jury find for the plaintiff, they should give her the value of the wood from the time it was cut by defendant, with interest thereon from the time it was cut by him." ' (2.) "That the burden is on the defendant to establish to the satisfaction of the jury, that the plaintiff, Charlotte Thompson Rogers, agreed, as a part of the lease made between her and defendant in March, 1888, that he should be released from all damage from cutting wood on her land." The defendant separately excepted to the giving of each of these charges ; and also separately excepted to the court's refusal to give each of the following written charges requested by him : (1.) "The court charges the jury that if they believe the evidence, they must find a verdict for the defendant." (2.) "The court charges the jury that if they believe from the evidence, that the wood alleged to have been converted by the defendant was cut from trees which were severed by defendant from the land known as the Charlotte Thompson Place, and which lands were in the actual occupation and possession of said defendant under a lease from the plaintiff to him for the payment of rent, holding and claiming said lands, and in the actual occupation and possession thereof, under said lease against the plaintiff, and against her right of entry on said lands at the time said trees were severed from said land, and also at the time of the commencement of this suit, and up to the trial of this cause continuously, then the jury must find a verdict for the defendant." (3.) "The court charges the jury that if they believe from the evidence that the wood alleged to have been converted by the defendant was cut from trees severed by the defendant, from lands on the Charlotte Thompson Place, and that said lands were in the actual occupation and possession of said defendant under a lease to him by the plaintiff for the payment of rent therefor, under which the defendant claimed, and held possession of said lands against the plaintiff, and against her right of entry thereon for the term of said lease, at the time said trees were severed from said lands, and also at the time of the commencement of this suit continuously up to the present time, then the jury should find a verdict for the defendant." (4.) "The court charges the jury that if they believe from the evidence, that said wood alleged to have been converted by the defendant was cut from trees that

were severed from lands on the Charlotte Thompson Place, which was in the actual occupation and possession of said defendant under a lease made to him by the plaintiff at a stipulated rent for said lands, claiming and holding the lands thereunder against the plaintiff and her right of entry thereon, at the time said trees were severed by the defendant from said lands, and at the time of the commencement of this suit continuously up to the present time, and that the plaintiff has, since that time, rescinded said lease, and notified defendant thereof, and demanded of him the surrender of the possession of said lands, and that defendant refused to surrender said possession thereof, and that she then commenced an action of ejectment against said defendant for the possession of said lands, and that said action is pending, and is resisted by the defendant, then you should find a verdict for the defendant." (5.) "The court charges the jury that if they believe from the evidence, that defendant was in the actual occupation and possession of lands, known as the Charlotte Thompson Place, claiming and holding the same, under a lease for rent from the plaintiff to the defendant, against the plaintiff, and against her right of entry on said lands for the period of said lease, at the time the said trees, which were thereafter converted into wood, the value of which is the subject matter of this suit, and that defendant was also in the actual possession, and occupation of said lands as aforesaid, at the commencement of this suit, and since that time to the present, claiming the same as aforesaid, then such possession would be adverse to the plaintiff, and in that event, this suit can not be maintained, and you should, therefore, find a verdict for the defendant." (6.) "The court charges the jury, that if they believe from the evidence that the plaintiff was not in the actual possession of the lands, from which said trees were severed by the defendant, at the time they were severed, and thereafter converted by him into wood, and if she can show title to said trees severed as aforesaid from said lands, only by showing title to the lands ; and if the defendant has been in the actual occupation and possession of said lands since the severance of said trees as tenant of plaintiff under a lease for the payment of annual rent for said lands up to the present time, then this action will not lie, and in that event you should find a verdict

for the defendant.'' (8.) ''The court charges the jury that if they believe from the evidence that the plaintiff' renewed the lease for said plantation in the year 1888, to the defendant for five years, beginning on the 1st day of January, 1889, at an annual rent of eleven hundred dollars, with full knowledge of the fact that said defendant had severed said trees from said plantation, and converted the same into wood, for the value of which this suit is prosecuted, and that the plaintiff thereafter permitted defendant to remain in the use and possession of said plantation to January, 1891, and accepted the payment of said annual rent from defendant for said years of 1889 and 1890, that plaintiff would be presumed to have waived the breach of said lease in the cutting of said trees, and in.that event, you should render a verdict for the defendant.'' (9.) ''The court charges the jury that the acceptance of rent by the plaintiff and the renewal of the lease for five years ,with full knowledge by the plaintiff that said trees had been severed by defendant from said plantation without her consent, and in violation of said lease, is presumptive evidence that the plaintiff has waived and condoned the breach of said lease ; and if you believe from the evidence that she has waived or condoned said breach of said lease, then you should find a verdict for the defendant.'' (10.) ''The court charges the jury that, if they believe from the evidence that the plaintiff can only show her right to the possession of the wood alleged to have been cut by the defendant during his actual possession of said lands, only by showing her right of entry into the possession of said lands, against the right of said defendant, in consequence of his breach of said lease, by the severance of said trees by him from said lands without authority, then and in that event, under the evidence in this case, the plaintiff can not maintain this suit, and you should therefore find a verdict for defendant.'' (12.) ''The court charges the jury that if they believe from the evidence that the defendant in good faith cut down the trees and converted them into wood. under the belief that he had a right to do so under the lease obtained by him from Sayre & Graves, the authorized agents of the plaintiff, then and in that event, if you should find a verdict for the plaintiff, you should fix the value of the wood at the place it was cut, after deducting the cost of cutting the

same, and after deducting the expenses of hauling the same to market.''

Upon the jury's return of a verdict in favor of the plaintiff, the defendant moved the court for a new trial, assigning as grounds therefor that the verdict was contrary to the evidence, that it was contrary to law, and the damages assessed were excessive ; that the court erred in his instruction to the jury, and in its rulings upon the evidence. This motion was overruled, and the defendant duly excepted.

The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

RICHARDSON & REESE, for appellant.— (1.) In order for the plaintiff to maintain the present action of trover, she must show that there was a breach of the lease during the time the wood was cut, and that she then elected to declare the lease forfeited, and did declare it, so that the right of possession of the plaintiff revested in her. The acceptance of rent for the term of the lease during which the severance and conversion were made, was a waiver of all acts of forfeiture.—*Dahm v. Barlow*, 93 Ala. 120, 9 So. Rep. 598 ; Taylor's Landlord & Tenant, 497, 498.; *Stuyvesant v. Davis*, 9 Paige 427 ; *Gamber v. Hackett*, 6 Wis. 323 ; 2 Herman on Estoppel and *Res Adjudicata*, 1173 ; *Camp v. Scott*, 47 Conn. 366 ; *Winterink v. Maynard*, 47 Iowa. 306. (2.) If the owner of lands is not in the actual possession, a personal action for the taking, conversion and detention of things severed from it will not lie.—*Beatty v. Brown*, 76 Ala. 267 ; *Cooper v. Watson*, 73 Ala. 253 ; *Mather v. Trinity Church*, 3 S. & R. 509 ; *Baker v. Howell*, 6 S. & R. 476 ; *Brown v. Caldwell*, 10 S. & R. 114 ; *Brothers v. Hurdle*, 10 Ired. 490 ; *Powell v. Smith*, 2 Watts, (Penn.) 126.

ARRINGTON & GRAHAM, *contra*.

McCLELLAN, J.—This case was defended below, and the rulings of the trial court are assigned as erroneous here, mainly upon the theory that a landlord can not maintain trover for timber wrongfully cut off the demised premises, sawn into fire-wood and sold by the tenant, until after the lease has been forfeited, or the tenancy has otherwise been terminated, and the landlord

[Brooks v. Rogers.]

in consequence has a right to the immediate possession
of the land. This contention is sought to be rested on
the doctrines, perfectly well established in themselves,
that *trespass* for injuries done to land by a tenant can
not be maintained by the landlord while the tenancy
continues, and that *trover* can not be maintained by the
owner of land for timber, fixtures, gravel and the like,
severed from the freehold and converted, against one
who is in the *adverse* possession of the land. But neither
of these principles has any bearing upon or application
to the question raised in this case. Trespass will not
lie against a tenant pending the term, because the wrong
which is the gist of the action is an offense against the
actual possession and right of possession, and these are
in the tenant; and trover will not lie at the suit of the
owner of land against one in adverse possession, for the
conversion of things severed from the freehold, because
in such case a trial of the title to the land, from which
the severance has been made, would be necessary, and
title to realty is beyond the issues triable in this form of
action. But there is no question in this case, either as
to the possession and right of possession of the land, or
as to the title to the land : the recovery sought does not
depend upon inquiry into these matters. The tenancy
of the defendant entitled him to the possession, of
course, and it is not the object of this suit, and can not
be its effect, to disturb that right or its enjoyment. The
tenancy of the defendant is also an unequivocal admis-
sion of the plaintiff's title to the land : the defendant,
so long as he continues in possession under the lease,
and his sole right to the possession is referable to the
lease, can not dispute the plaintiff's title—can not set
up any claim to title in himself against the plaintiff—
*can not hold adversely to the plaintiff.* His possession is
that of his landlord. He has contracted for the land-
lord's right of possession for the term of his lease. His
possession of the land entitles him to the possession, of
course, of all that is attached to it so as to constitute a
part of the freehold—as trees—so long as they remain so
attached and continue to be a part of the freehold; but
he has no title to trees, and can assert no adverse claim
to them against his landlord. The title to them, as to
the land, remains in the landlord. When they are sev-
ered from the freehold, they cease to be a part of the

thing leased by the tenant : they are no longer a part of the realty, but at once become personal chattels, the right to the immediate possession of which is in the landlord, because the title is in him and the right of possession of personalty is referred to the title. This, with conversion by the defendant, is all that is necessary to the maintenance of trover—the title and right to immediate possession in plaintiff to the personalty converted. To show title to the personalty in such case, involves no inquiry as to the title of the land from which the severance has been made, and no inquiry as to the right of possession of the land. The plaintiff is not required to say he had title to the land, and the defendant is not allowed to say that plaintiff had not title ; that issue can not be made : the relation of landlord and tenant entirely eliminates it. Similarly, defendant's right of possession of the land is not involved ; but that right of possession is confined to the land itself : it does not pertain to things which have ceased to be land, or appurtenant to land, through unauthorized and wrongful severance. The plaintiff, having title to the thing severed and the right to the immediate possession of it, may, of course, maintain trover where there has been a conversion of the thing by the defendant. These views, which lead to and result in the concrete proposition, that the action of trover will lie at the suit of a landlord against his tenant, pending the tenancy, for wood into which trees wrongfully severed from the demised premises by the tenant have been converted by him, are abundantly supported by the authorities.—2 Brick. Dig., 484, §§ 1, et seq; 3 Brick. Dig., 779, §§ 1, et seq.; Street v. Nelson, 80 Ala. 230 ; Mather v. Trinity Church, 3 Ser. & Rawle, 509 ; s. c., 8 Am. Dec. 663, 668–9 ; Harlan v. Harlan, 15 Pa. St. 507, 513 ; Anderson v. Hapler, 34 Ill. 436 ; s. c., 85 Am. Dec. 318 ; Truss v. Old, 6 Randolph, 556 ; s. c., 18 Am. Dec. 748, 751 ; Moores v. Wait, 3 Wend. 104 ; s. c., 20 Am. Dec. 667 ; Farrant v. Thompson, 5 Barn. & Ald. 826 ; 2 Taylor, Land., & Ten., § 74 ; Congregational Society v. Fleming, 11 Iowa, 533 ; s. c., 79 Am. Dec. 511. And it is upon these considerations that the landlord, the owner of the land, may maintain an action on the case for waste injurious to the inheritance, or detinue or replevin for fixtures, trees, ores and the like, or debt for the statutory penalty for felling trees,

against his tenant during the term, and without recovery of possession of the land. They are all actions which do not rest upon possession, or right to immediate possession of the land, and, being between landlord and tenant, they involve no inquiry as to title ; the fact of the relation being itself determinative of that question.— *Rogers v. Brooks,* 99 Ala. 31 ; 11 So. Rep. 753.

The cases of *Cooper v. Watson,* 73 Ala. 252, and *Beatty v. Brown,* 76 Ala. 267, are clearly distinguishable from this one in that the defendants in those cases held *adversely* to the plaintiffs—a fact which is, as we have seen, of controlling importance—and the recoveries sought involved trials of the conflicting claims of *title,* which could not be adjudicated in these transitory actions. The case of *Little v. Allison,* 93 Ala. 150, 9 So. Rep. 388, did not involve the relation of landlord and tenant, and, perhaps, what is there said should be limited by a consideration of the fact, which does not appear as prominently in the report of the case and in the opinion as it should, that the wrong-doer was a mere naked trespasser, who set up no claim to the title or possession of the land against the trustees—though not a tenant of the plaintiffs, he still was not in the adverse possession of the premises.'

The facts that plaintiff claimed a forfeiture of the lease existing at the time of the wrongful severance of the timber by the defendant, or of a lease subsequently made of the premises covering succeeding years, because of such severance, or upon any other ground ; that defendant denied the forfeiture, and put plaintiff to her action of ejectment to recover the land before the last lease had expired, which action was pending and being defended by the tenant when this cause was tried, or when it was instituted, were attempted to be availed of by the defendant on the trial below of this case, as showing that defendant held the land adversely to plaintiff. These facts had no such tendency. They showed, indeed, that the defendant claimed the right to continue in possession, but they also showed that he based this right *on his lease from the plaintiff*—that he asserted no possession or right of possession except as plaintiff's tenant, and in full recognition of plaintiff's title. If either party was injured by the exclusion of this evidence, or by the refusal of the court to allow the defendant to file in this cause a

[Brooks v. Rogers.]

plea which he had interposed in the ejectment suit, and in which he asserted his right to possession for the term of the last lease entered into between the parties under that lease and as plaintiff's tenant, it was the plaintiff. Certainly the defendant can have no ground of complaint based on the exclusion of evidence and judicial admissions of his going to show that he did not and had never claimed adversely to the plaintiff.

Of course, it was competent for plaintiff to introduce the lease which was current at the time this suit was brought, as showing that defendant's possession was under and not adverse to her title; and we can conceive of no ground for the exclusion of any part of that instrument on any idea that some of its provisions might possibly be looked to by the jury to determine what were the stipulations of a previous lease in a certain particular. Moreover, the provision which was singled out by a special motion to exclude tended to contradict the oral testimony of the defendant as to what was said in certain conversations between him and the plaintiff and her husband, acting, it is insisted by defendant, as her agent; and for this reason alone the appellant can take nothing on account of the ruling in question. What we have said covers and disposes adversely to appellant of all the rulings of the court in respect of the pleadings, on the admission of testimony, and upon charges requested and given or refused, except rulings relating to the testimony, by deposition, of the plaintiff herself, and two or three charges to be presently considered.

It is to be observed with reference to the pleadings, that so far as this opinion bears upon questions intended to be raised in that connection, it is merely incidental to the disposition of the same questions arising on the evidence and instructions to the jury; for the *record* of the trial court does not show that any pleas were filed, or that any demurrers to pleas were interposed, or that any ruling was made as to the sufficiency of pleas, or indeed any thing but the complaint, certain demurrers to the complaint, which do not appear from the *record* to have been ruled upon, and a final judgment on verdict for the plaintiff. The *bill of exceptions*, which is no part of the record below, recites certain pleas, demurrers and judgments thereon, but, as has been many times decided here, such judgments can not be presented for the considera-

tion and revision of this court in and by a bill of exceptions.

The refusal of the court to exclude the deposition of Mrs. Rogers may be rested on the ground, among others, perhaps, that the motion to that end went to the whole deposition, and was not made before the trial was entered upon, the ground of the objection not appearing to have transpired or become known to defendant only after commencement of the trial. Code, § 2810 ; *Moody v. A. G. S. R. R. Co.*, 99 Ala. 553.

If that part of the testimony of Mrs. Rogers which was objected to because not responsive to the cross-interrogatories under which it was given, was in fact not responsive, the defendant was not injured by its admission, since it was competent evidence in the cause, and but the repetition of facts to which the witness had deposed in response to interrogatories in chief.

The measure of damages in this case was the value of the wood at the time of the conversion of the trees into cord-wood, with interest to the time of trial, as declared by the court in its instructions to the jury.—2 Brick. Dig., 488, §§ 67, *et seq.*; 3 Brick. Dig., 780, §§ 29, *et seq.*

The court correctly charged that the burden of showing that plaintiff had released this cause of action to defendant was upon the latter.—3. Brick. Dig., 433, § 388.

Plaintiff's acceptance of rent from the defendant, for a period subsequent to the severance and conversion of the trees, and the execution by her of a lease for a subsequent time, may have amounted to a waiver *of the forfeiture of the lease* current at the time thereof ; but these facts do not operate a release of defendant's liability for the value of cord-wood made from the trees wrongfully severed by the defendant. The cause of action laid in this case is not dependent upon the waiver *vel non* of any forfeiture of the lease. Charges 8 and 9 requested for defendant were, therefore, properly refused.

Charge 12 of defendant's series was, to say the least, invasive of the province of the jury. If they had a right to measure the damages by reference to the facts hypothesized in that charge, it was a matter within their discretion to do so or not, and the court properly refused to require them to do so.

We will not extend this opinion by discussing the ap-

plication for a new trial. It was obviously without merit, and the court committed no error in overruling it. The judgment of the circuit court is affirmed.