(87 South. 340)

**GARRETT et al. v. BERRY.** (3 Div. 504.)

(Supreme Court of Alabama. Feb. 10, 1921.)

**1. Trespass ⬅=27—Adverse possession good defense to action for statutory penalty.**

Adverse possession by the defendant ·of the land on which trees are cut, if under color of title and claim of right, would be a good defense to an action for the penalty, under Code 1907, § 6035, for the cutting or destruction of trees.

**2. Landlord and tenant ⬉55(3)—Plea alleging adverse possession by tenant, sued for statutory penalty for cutting of trees, held insufficient.**

In an action for the penalty for cutting of trees under Code 1907, § 6035, plea alleging that defendant had "undisputed adverse possession" of the lands, but affirmatively showing that defendant held under lease from plaintiff, by which he was bound to.protect trees on premises and not destroy them, and which did not aver that defendant's possession was under color of title and claim of right, *held* insufficient to state a defense.

**3. Landlord and tenant ⬉55(3)—Tenant subject to statutory penalty for cutting and destruction of trees.**

A tenant, except within the express or implied authority of lease contract, is subject to statutory penalty for the cutting and destruction of trees, under Code 1907, § 6035.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Action by Eva F. Garrett, as executor and individually, and others against M. C. Berry for the statutory penalty for cutting or destroying trees. Judgment for defendant, and plaintiffs appeal. Reversed, rendered, and remanded.

Joseph R. Bell, of Hayneville, for appellants.

Court erred in overruling demurrers to the pleas. Section 6035, Code 1907; 93 Ala. 150, 9 South. 388; 99 Ala. 31, 11 South. 753; 101 Ala. 294, 13 South. 478; 108 Ala. 581, 18 South. 554; 115 Ala. 345, 22 South. 163.

R. L. Goldsmith, of Hayneville, and Powell & Hamilton, of Greenville, for appellee.

No brief came to the Reporter.

SOMERVILLE, J. [1] Adverse possession by the defendant of the land on which the trees were cut, if under color of title and claim of right, would be a good defense to an action for the penalty awarded by the statute. Code, § 6035; White v. Farris, 124 Ala. 461, 27 South. 259.

[2] While the plea here exhibited avers defendant's "undisputed adverse possession" of the lands, it does not aver that such possession was under color of title and claim of right; and it affirmatively shows that defendant held under a lease from plaintiff, and therefore could not, as a matter of law, hold adversely to plaintiff. It also affirmatively shows that defendant was bound by the terms of the lease to protect the trees on the rented premises, and not to destroy them.

[3] A tenant, except within the express or implied authority of his lease contract, is as much subject to the statutory penalty in question as is any one else who brings himself within the terms of its infliction. The reasons for such liability on the part of a

tenant are fully explained and justified in the opinion of McClellan, J., in Brooks v. Rodgers, 101 Ala. 111, 122, 123, 13 South. 386, and we need not here repeat them.

The plea was fatally bad, and the demurrer should have been sustained. For the error in overruling it the judgment of the trial court will be reversed, the judgment of nonsuit will be set aside, and a decree will be here rendered, sustaining the demurrer and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and MILLER, JJ., concur.