# Beatty *v.* Brown.

*Action for Statutory Penalty for Cutting Trees.*

1. *When action lies.*—The owner of lands can not maintain an action of trespass, or an action to recover the statutory penalty (Code, § 3551), against a purchaser under an executory contract of sale, who, while in possession under the contract, and after notice by plaintiff that the contract was rescinded because of his failure to comply with its stipulations, cut and removed trees from the land.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. JOHN MOORE.

This action was brought by Randall R. Brown, against Wm. M. Beatty, "to recover two hundred dollars," as alleged in the complaint, "as damages for willfully and knowingly, and without the consent of the plaintiff, and in violation of section 3551 of the Code, cutting down twenty pine-trees, on, to-wit, the 18th, 20th, 21st, and 22d days of August, 1883, on the following described lands," &c.; "which said lands were not at said time, and are not now the property of said defendant, but were and are the property of the plaintiff;" also, "two hundred dollars as damages for willfully and knowingly, and without the consent of plaintiff, and in violation of section 3551 of the Code, taking away, on, to-wit," &c., from said lands described as before, "twenty pine-trees, which had already been cut down, and were then lying on said lands." The defendant pleaded "the general issue, in short by consent, with leave to give in evidence any matter which might be specially pleaded; and the cause being tried on issue joined on that plea, there was a verdict and judgment for the plaintiff, under the rulings of the court, for $200.

On the trial, as appears from the bill of exceptions, the plaintiff proved that he purchased the land described in the complaint, in 1854, and in November, 1880, leased it to the defendant; that the contract of lease was rescinded, by mutual agreement, and an executory contract of sale entered into, on the 23d July, 1881, by which he agreed to sell and convey the lands to said defendant and another, as partners under the name of W. M. Beatty & Co., who agreed to pay the stipulated price

[Beatty v. Brown.]

($11,700) in monthly installments; and he produced the written contract, which contained the following (with other) provisions: "If the said amount is all promptly paid, without default in the several installments, as above provided, then the said party of the first part hereby agrees and covenants with the parties of the second part that he will, at the end of the said thirty-six months, make them a fee-simple title, with covenants and warranty. But, if they fail to pay any monthly installment, on the first day of the month, as above provided, they shall cease to cut any timber from any of said lands, without the written consent of the party of the first part, till all past-due payments are made; and if the said parties of the second part are defaulters by the 20th day of any month, the party of the first part shall have the right and power to terminate and nullify this contract, and to take possession of said lands, and to treat the parties of the second part as trespassers, by giving them, or either of them, written notice to that effect." The plaintiff testified, as a witness for himself, that the said defendant and his partner failed to make their monthly payments as stipulated, until they had fallen in arrears, up to August, 1882, to the amount of $2,000 or more; that he thereupon notified them in writing (which was produced), on the 18th August, 1882, that the said contract was terminated and nullified, that he would prosecute them as trespassers if they cut down or removed any more timber, and that he demanded possession of the lands; and that they refused to surrender the possession, and afterwards cut down and removed a large number of pine-trees. On these facts, the court charged the jury, in substance, that the defendant was liable to the plaintiff for ten dollars, for each tree cut down or carried away after plaintiff's written notice and demand of possession. The defendant excepted to this charge, and also to the refusal of several charges asked by him in writing; and these rulings of the court are now assigned as error.

MARTIN & MARTIN, and McEACHIN & McEACHIN, for appellant, cited *Cooper v. Watson*, 73 Ala. 255; *Boswell & Woolley v. Carlisle, Jones & Co.*, 70 Ala. 247; *Brothers v. Hurdle*, 10 Ired. 490.

A. C. HARGROVE, *contra*. (No brief on file.)

SOMERVILLE, J.—The principle settled in *Cooper v. Watson*, 73 Ala. 252, is conclusive, in our opinion, against the plaintiff's right of recovery in the present action. The suit there was one of detinue, brought by the owner of the freehold of certain lands, for timber which had been converted into chattels by the defendant, who, being in possession, had

severed trees from the freehold. The plaintiff had, at the time, no possession of the lands, actual or constructive, but the defendant was in occupancy of them, holding adversely. It was decided that the action could not be maintained, the court using the following language : " The doctrine seems well settled, upon principle and authority, that if the owner of the land be not in the actual possession—if he can show title to things severed from it, only by showing title to the land—a personal action for the taking, conversion, or detention of such things, will not lie. If he have the possession at the time of the severance, the rule is different. But, if his possession is divested—if his right lie in entry, and the adverse possessor gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the things severed are converted into chattels. But they do not become the property of the owner of the land ; he is out of possession, and has no right to the immediate possession of such things ; nor can he bring any action to recover them, until he regains possession." The owner of land, out of possession, can not, in other words, be permitted to bring his title in dispute, in a personal or transitory action, against one who holds possession of such land adversely. Otherwise, an actual occupant, although *bona fide* claiming ownership in himself, might be harassed by a multiplicity of suits, for innumerable alleged trespasses, all of which should more properly be embraced in one action for mesne profits, after or during recovery in ejectment. This is not, and should not be allowable.—1 Smith's Lead. Cases (7th Amer. Ed.), 660 ; *Brothers v. Hurdle*, 10 Ired. (L.) 490 ; *Powell v. Smith*, 2 Watts (Penn.) 126 ; *Cooper v. Watson*, 73 Ala. 252, *supra*.

The present action is for damages for destruction of trees, under the provisions of section 3551 of the Code. The title of the lands was in the plaintiff, but the defendant was in possession, holding them adversely, at the time the trees were cut and removed from the freehold. Under the principle above stated, the action would not lie, until the plaintiff had first recovered possession of the land by ejectment, or, at least, by way of mesne profits in such an action. The judgment of the court must be reversed, in view of these principles, and the cause remanded.