# Allison *v.* Little.

*Action for Statutory Penalty for Cutting Trees.*

1. *Plea of former recovery; identity of parties.*—In an action by the trustees of church proprerty, to recover the statutory penalty for cutting trees (Code, § 3296), a former recovery by another person, who sued "as deacon of said church," is not a bar, although the plea alleges that he was in possession and control of the property at the time, "holding the same for the plaintiffs in this suit, and represented the same parties litigant."

2. *Who may maintain action for statutory penalty for cutting trees.* The right of action to recover the statutory penalty for cutting trees (Code, § 3296), is given, not to the person in possession, but to the owner of the land, whether he was in possession or not at the time the trespass was committed; and where the land was trust property, but there was a vacancy in the office of trustee at the time, a trustee afterwards appointed may maintain the action, his title relating back for this purpose.

3. *Issue on defective plea.*—When issue is joined on a defective plea, without testing its sufficiency by demurrer, evidence relevant to the issue can not be excluded from the jury, nor can the issue be ignored by the court in instructions to the jury.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action was brought by E. S. Little and others, suing as trustees of the "Mount Pleasant Church," to recover the statutory penalty for cutting trees on certain land belonging to the church; and was commenced on the 13th January, 1886. The land, a small parcel containing about three acres, was conveyed by Amos Jarmon, by deed dated September 10th, 1829, in consideration of his "good will and special regard for the Baptist denomination," to Asa Cobbs and others, "who were appointed," as the deed recited, "by the Baptist church as a board of trustees to receive this deed in behalf of the church at Mount Pleasant, and the land hereinafter named, for the special purpose of building a meeting-house for said church." The trustees named in the deed having died, the plaintiffs in this action were appointed trustees in their stead, November 30th, 1885, by the register in chancery, on the application of said E. S. Little, one of the persons who had been selected by

[Allison v. Little.]

the church to act as trustees; and no question was raised as
to the regularity of their appointment. In January and Feb-
ruary, 1885, before the appointment of plaintiffs as trustees,
the defendant, who owned adjoining lands, cut down about
thirty trees or more on the church land; and he claimed to
have done this by permission of two members of the church,
or at their request; some deceased members of their fam-
ilies being buried near the spot. In April, 1885, A. H.
Stanley, suing "as deacon of said church," brought an ac-
tion for trespass against Allison on account of the cutting
of these trees; and he recovered a judgment of one cent as
damages, besides costs. In this case, the defendant pleaded
that judgment as a bar; but the plea was adjudged insufficient
on the former appeal.—85 Ala. 512. After the remandment
of the case on that appeal, this plea was amended, by adding
averments "that said Stanley, plaintiff, was in possession and
control of said land at the time of said alleged trespass, holding
the same for the plaintiffs in this suit, and represented the
same parties litigant, and was in the actual occupation of said
land." The court sustained a demurrer to this plea as
amended, and issue was joined on other pleas, as shown in the
opinion of this court. Under the rulings of the court, the
plaintiffs had a judgment on verdict for $350. The sustaining
of the demurrer to the amended plea is now assigned as error,
with charges given, and the refusal of charges asked, which
require no special notice.

JACKSON & SAWTELLE, for appellant, cited *Tarleton & Pol-
lard v. Johnson*, 25 Ala. 300; *Duncan v. Potts*, 5 Stew. & P.
32; 17 Atl. Rep. 891; 36 Fed. Rep. 29; Bac. Abr., tit. *Tres-
pass*, 458, 640; 1 East, 249; Burr. 1563; 3 Metc. 239;
14 Pick. 297; 4 Pick. 305; 38 Minn. 122; 71 Wisc. 276; *Haz-
ard v. Purdom*, 3 Porter, 43; *Agnew v. Walden*, 84 Ala. 502;
*Mudge v. Treat*, 57 Ala. 1; 90 Ala. 1, 486.

KIRK & ALMON, contra, cited *Allison v. Little*, 85 Ala. 312;
*McCall v. Jones*, 72 Ala. 368; *Ernst Bros. v. Hogue*, 86 Ala.
502; *Minniece v. Jeter*, 65 Ala. 222; 15 Amer. Dec. 242, note;
*Hendon v. White*, 52 Ala. 597.

McCLELLAN, J.—On the former appeal in this cause, two
defects in the plea of former recovery were pointed out, each
of which was held to justify the action of the trial court in
sustaining a demurrer to it. The defect to which most prom-
inence was given lay in the want of identity of the parties
plaintiff in the former suit and in this. "The defect about

this plea," said Somerville, J., "is that the party plaintiff in that suit and the party plaintiff in this suit are not the same." A secondary, or cumulative infirmity, was the failure of the plea to aver that the plaintiff in the first action was the owner, or in possession of the *locus in quo*. This last defect was, it may be conceded, cured by amendment after the cause was remanded; but the first was not. On the contrary, it very clearly appears by the plea, as set out in the present record, that the plaintiffs in the two actions are not the same persons, nor representative of the same parties litigant. The case is not changed in this respect, in legal contemplation, since the point was ruled against the appellant on the former appeal; and we have no alternative, following that adjudication, but to sustain the action of the Circuit Court on the demurrer to the amended plea.—*Allison v. Little*, 85 Ala. 512.

Among others, the defendant interposed the following pleas: "4th. The defendant further pleads that the plaintiffs were not in the possession of the land upon which said trespasses are alleged to have been committed, at the time of said alleged trespass and cutting of said trees;" and, "5th, defendant pleads that the plaintiffs were not trustees, as they allege, at the time of said alleged trespass." Now the right of action given by the statute (Code, §§ 3296–9) is to the owner, and it is wholly immaterial whether he be in possession at the time of the trespass or not; and the title of trustees appointed after the trespass relates back to that time, and it is of no moment that they were not in fact trustees at the date of the wrong and injury. So that each of these pleas presented an immaterial issue. Each of them might, and doubtless would, have been stricken out on motion. Neither of them could have stood against a demurrer. But no motion to strike out was made, and no demurrer challenging their sufficiency as a defense to the action was interposed. On the contrary, the plaintiffs accepted the issues they tendered, and went to trial upon them. There was evidence tending to prove that they had not been appointed trustees prior to, and were not in possession of the land at the time of, the cutting of the trees. The special charge given at the instance of the plaintiffs authorized a recovery without regard to either of these issues; and two instructions requested by the defendant, addressed to the inquiry as to whether plaintiffs were trustees at the time of the trespass, and directing a verdict for the defendant if the jury should find they were not, were refused. The action of the court in giving this charge for plaintiffs, and in refusing each of these two to defendant, involved errors which must

operate a reversal of the judgment. As was said in *McKinnon v. Lessley*, 89 Ala. 625, "The doctrine is too well and has been too long established in this court, that, if the parties make up a false issue, evidence must be received upon it, and it must be submitted to the jury, to be now questioned.— *Watson v. Brazeale*, 7 Ala. 451; *Masterson v. Gibson*, 56 Ala. 56 ; *Mudge v. Treat*, 57 Ala. 1; *Ex parte Pearce*, 80 Ala. 195." See, also, *Agnew v. Walden*, 84 Ala. 502 ; *Ga. Pac. Railway Co. v. Propst*, 90 Ala. 1; *Crescent Brewing Company v. Handley*, 90 Ala. 486.

The remaining assignments of error are without merit.

Reversed and remanded.