# Rogers *v.* Brooks.

### *Action for Statutory Penalty for Cutting Trees.*

1. *Action of trespass; what necessary to maintain it.*—The gist of an action of trespass is the injury done to the possession ; and to support it, the plaintiff must show that, as to the defendant, he had, at the time of the injury, the rightful possession, actual or constructive.   If the owner has parted with possession, conferring on another the exclusive right of present enjoyment, retaining in himself only a right to enter into possession at some future time, he can not maintain trespass for an injury to property while the particular right of possession is continuing.

2. *Landlord can not maintain trespass against his tenant.*—A landlord, who is not in possession of leased premises, and who is not entitled to the present enjoyment thereof, can not maintain trespass against his tenant to recover the penalty imposed by statute (Code, § 3296), for willfully and knowingly cutting trees without the consent of the owner of the land.

3. *Debt proper form of action to recover penalty imposed by section*

[Rogers v. Brooks.]

*3296.*—Since the statute, (Code, § 3296), creates a new right in the owner of land, but fails to prescribe any remedy for its enforcement, an action of debt is the proper remedy for a recovery of the penalty imposed, on the ground of an implied promise, which the law annexes for its payment

4. *Necessary averment by complaint to recover penalty.*—In an action brought to recover the penalty imposed by section 3296 of the Code, a complaint which avers that plaintiff is the owner of the land from which the trees were cut, the number and description of the trees, and that they were knowingly and willfully cut by defendant, without plaintiff's consent, contains all the facts required to be alleged by the statute; and will be treated as an action in debt, and not in trespass.

APPEAL from Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellant, C. T. Rogers, against the appellee, J. D. Brooks; and sought to recover the statutory penalty for willfully and knowingly cutting trees upon the land of the plaintiff, without her consent. The amended complaint was in the following language: "The plaintiff claims of the defendant the sum of twenty thousand dollars ($20,000.00) damages for that the defendant on the 23d day of April, 1890, and on divers other days and times between that day and the commencement of this suit, willfully and knowingly without consent of plaintiff, and plaintiff was then the owner of the land, cut down and destroyed the following number of trees and saplings belonging to the plaintiff, to-wit: one thousand (1000) oak trees and one thousand (1000) saplings of that kind; one hundred (100) Elm trees and fifty (50) saplings of that kind; five hundred (500) hickory trees and one hundred (100) saplings of that kind; fifty (50) wild cherry trees and fifty saplings of that kind; one thousand (1000) pine trees and five hundred saplings of that kind, then growing and being in and upon the plantation of plaintiff, situate in Montgomery county in the State of Alabama, and known as the Charlotte Thompson Place, which plantation was occupied by the defendant as the the tenant of plaintiff, and the plaintiff was during said time the owner of said plantation during all of said times, and therefore plaintiff brings this suit."

The defendant demurred to this complaint, on the ground that it did not show that plaintiff was in possession of the lands, or had the right to the immediate possession thereof, at the time of the alleged cutting of said trees. This demurrer was sustained, and plaintiff failing to plead further, judgment was rendered for the defendant. Hence this appeal.

[Rogers v. Brooks.]

ARRINGTON & GRAHAM, for appellant.

RICHARDSON & REESE, *contra*.   Trespass can not be prosecuted against a tenant of the landlord for damages.—*Beatty v. Brown*, 76 Ala. 269 ; *Cooper v. Watson*, 73 Ala. 254; 1 Smith's Leading Cases, 7th Ed., 660; *Brothers v. Hurdle*, 10 Ired. (Law), 490 ; *Powell v. Smith*, 2 Watts (Pa.) 126; 1 Chitty's Pleadings, Star Page 63 ; 2 Hilliard on Torts, 589, note b ; 9 Bacon Abridgment, 498; *Reynolds v. Williams*, 1 Tex. 311.

THORINGTON, J.—This action is based on the provisions of section 3296 of the Code, and was brought by appellant against appellee to recover the statutory penalty for willfully and knowingly cutting trees without consent of the owner of the land.

The complaint alleges appellant's ownership of the land, specifies the kind of trees willfully and knowingly cut by defendant from the lands without plaintiff's consent, and also avers that defendant was, at the time of the cutting, in possession of the land as appellant's tenant.

There was a demurrer to the complaint on the ground that it did not show plaintiff's possession of the land, or right of immediate possession, at the time the trees were cut, or at the commencement of the action ; the demurrer being predicated on the theory that the complaint is in trespass.   The Circuit Court sustained the demurrer, plaintiff declined to amend, and, on judgment being rendered against her, prosecuted this appeal.

"The gist of an action of trespass is the injury done to the possession ; to support it the plaintiff must show that, as to the defendant, he had, at the time of the injury, rightful possession, actual or constructive.   The general property draws to it the possession if there be no intervening, adverse right of enjoyment.   ·   ·   ·   But if the general owner has parted with the possession, conferring on another the exclusive right of present enjoyment, retaining in himself only the right to take or reserve possession at some future time, or on the happening of some contingency, or event in the future, his right of possession is in reversion, and he can not maintain trespass for an injury to the property while the particular right of possession is continuing."—*Boswell & Woolley v. Carlisle, Jones & Co.*, 70 Ala. 244 ; 2 Greenl. on Ev., (14 Ed.), § 616.

The substance of the complaint or declaration in trespass is, that the defendant has forcibly and wrongfully injured

3

[Rogers v. Brooks.]

the property in the possession of the plaintiff, and, under the general issue, the plaintiff must prove that the property was in his possession at the time of the injury, and this rightfully, as against the defendant; and that the injury was committed by the defendant with force.—2 Greenl. on Ev., § 613.

In the case of *Cooper v. Watson, Adm'r.*, 73 Ala. 252, this court said: "The doctrine seems well settled, upon principle and authority, that if the owner of the land be not in the actual possession, if he can show title to the things severed from it, only by showing title to the land, a personal action for the taking, conversion or detention of such things will not lie. If he have the possession at the time of the surrender, the rule is different. But if his possession is divested —if his right lie in entry—and the adverse possessor . . . . . severs a tree, or other thing from the land, the things severed are converted into chattels. But they do not become the property of the owner of the land; he is out of possession, and has no right to the immediate possession of such things, nor can he bring any action to recover them, until he acquires possession."

The doctrine laid down in this case was re-affirmed in *Beatty v. Brown*, 76 Ala. 267, which was an action of trespass based on the same statute under which the plaintiff in this action is proceeding, viz., Code, § 3296, and is also supported by the following authorities: *Brothers v. Hurdle*, 10 Ired. (N. C.) 490; *Powell v. Smith*, 2 Watts (Pa.) 126; 1 Smith's Leading Cases, (H. & W. notes, 7 Amer. Ed.), 660.

According to the foregoing principles and authorities, possession by plaintiff of the land at the time of the trespass and of instituting the action is necessary in order to support it, and furthermore, if trees or other things are severed from the land by an adverse holder, and thus converted into chattels, they are not the property of the owner of the land, he being out of possession, and not having the immediate right of possession. But the statute, in a sense, changes the common-law rule by creating a new right in the owner of the land. It prescribes a fixed penalty for cutting trees of specified classes, and a smaller penalty for all other trees, and requires the same to be paid to the owner of the land; and this without reference to whether he was in possession of the land at the time of the cutting or not, or whether the cutting is done by a person in adverse possession of the property or not.—*Allison v. Little*, 93 Ala. 150.

While, however, the statute creates a new right in the owner of the land, it does not prescribe any remedy for its

xcix.

enforcement, consequently remitting the owner for its enforcement to the appropriate remedies furnished according to the course of the common law, or by the terms of other statutes of the State. In other words, the change wrought in the common law by this statute affects the right and not the remedy.

Applying these principles to the case under consideration, it is apparent from the allegations of the complaint, construing it most strongly against the pleader, as we must do, that the plaintiff was not in possession of the land, either at the time of the alleged trespass or at the commencement of the action, and that the tenancy averred in the complaint was not simply at will, but under a lease for a term of years, that being the most unfavorable to the plaintiff.—*Winter v. Quarles*, 43 Ala. 69?.

Treating it as a tenancy for years, and not at will, the property, at the time of the alleged trespass, was not in the *actual* possession of the plaintiff, nor was it in her *constructive* possession, in such sense as to support an action of trespass, as would have been the case had the land been held by a servant or agent of the plaintiff for her, but it was in the rightful possession of the defendant.

The complaint avers no exception of the trees from the lease in favor of the landlord, and in the absence of such an exception, although the landlord, if she should invade the tenant's possession and cut down trees, she would be liable to the tenant in trespass for the damages resulting therefrom to his particular interest; such as the mast and fruit of such trees, and shade for his cattle; and although if the trees should be cut by a stranger, both the landlord and tenant would have an action for their respective losses, yet, it is well established, that trespass will not lie against the tenant in favor of the landlord for a similar act of cutting; the landlord must redress his injury as against the tenant in a different form of action.—*Pomfret v. Ricroft*, 1 Saund., top page, 486, and note 5; *Brothers v. Hurdle*, 10 Ired. (N. C.) 490; Taylor's Land. & Ten., § 771.

At common law the action of debt is the appropriate action for the recovery of a statutory penalty, upon the ground of an implied promise which the law annexes. The rule of decision in this State is in harmony with the common law, and has been stated thus: "When a statute creates a liability to pay money, but does not prescribe any remedy by which a recovery shall be had, debt is the proper remedy." *Strange v. Powell*, 15 Ala. 452; *Blackburn v. Baker*, 7 Port. 284.

[Oden et al. v. Dupuy et al.]

Although the complaint in this record was demurred to as being in trespass, and has been so argued and treated by both parties here, we can not accept that view. The character of a complaint or plea is not determined by what the parties designate it, but by the facts averred in it, and when it is uncertain what form of action was intended, if the facts as averred indicate that the plaintiff is proceeding for a measure of recovery adapted to the one form of action, it must be held that the complaint belongs to that form of action, whether it be *ex delicto* or *ex contractu.*—*Whilden v. M. & P. Nat. Bank*, 64 Ala. 1.

The complaint in this case follows neither the common-law form for an action of trespass *quare clausum fregit*, nor the corresponding statutory action for which a form is prescribed in the Code; but it does aver every fact necessary to bring it within the act, by setting forth every circumstance necessary to a proper description of the offense. It avers that the plaintiff was the owner of the land from which the trees were cut, the number and description of the trees cut, of the different kinds specified in the statute, and that they were knowingly and willfully cut by defendant without plaintiff's consent; and from these facts, so averred, the law implies the promise of defendant to pay the penalty prescribed by the statute. We think it sufficiently clear, from the facts stated in the complaint, that the proceeding is directly within the terms of the statute for the recovery of the penalty therein prescribed.

The ruling of the Circuit Court on the demurrer to the complaint is not in harmony with the conclusion we have reached; and its judgment is accordingly reversed, and the cause remanded.

Reversed and remanded.