# Turner Coal Co. v. Glover. (Two Cases.)

*Action to recover Statutory Penalty for Willfully and Knowingly cutting Trees from the Lands of Another.*

| 101 | 289 |
| 109 | 208 |
| 101 | 289 |
| 112 | 544 |
| 115 | 345 |
| 101 | 289 |
| 124 | 466 |
| 101 | 289 |
| 135 | 515 |
| 101 | 289 |
| 138 | 465 |

1. *Demurrer; specification of cause.*—A general demurrer, which does not distinctly state some particular objection, can not be considered.

2. *Same; when the grounds specifically considered.*—When a demurrer specifies some particular ground of objection, the pleader is supposed to have waived all others, and however insufficient the pleadings may be in other respects, if they are not subject to the objections specifically assigned, the demurrer must be overruled.

3. *Necessary averments in complaint to recover penalty under section 3296 of the Code; action of debt.*—In an action brought to recover the penalty imposed by section 3296 of the Code, a complaint which avers that the plaintiff is the owner of the land upon which the trees were cut, the number and description of the trees, and that they were willfully and knowingly cut by the defendant without the plaintiff's consent, contains all the facts required to be alleged by the statute, and will be treated as an action in debt.

4. *Who may maintain action for statutory penalty for cutting trees.*—The right of action to recover the statutory penalty for cutting trees, (Code, § 3296), is given not to the person in possession, but to the owner of the land, whether he was in possession or not at the time the trespass complained of was committed.

5. *Demurrer to a plea; when properly sustained.*—In an action to recover the statutory penalty for willfully and knowingly cutting trees, the defendant pleaded by special plea that there was conveyed to him by mesne conveyance, from one seized of the lands upon which the trees were situated, "the coal, iron ore, and other minerals on the lands, together with the right to enter on the lands and open drifts,

19

[Turner Coal Co. v. Glover.]

slopes and shafts for the purposes of mining, and also of the timber and water upon the same, necessary for the development, working, and mining of said minerals, and the preparation and removal of the same for market, and the right to build roads over the same, necessary for convenient transportation of the mineral products," and that the defendant entered upon the plaintiff's alleged possession, "as lawfully it might in the manner complained of by said plaintiff, and cut timber, as lawfully it might." *Held*, this plea is open to demurrers which raise the objection that it did not aver that it was necessary to cut the said timber for the development, working and mining of the minerals upon the lands, and it did not aver that said timber was cut and used for the purposes of developing, working and mining the minerals, and preparation of the same for market.

6. *Pleadings; demurrer to replication.*—In an action to recover the statutory penalty for willfully and knowingly cutting trees, when the defendant by special plea sets up that at the time of the trespass complained of he had the right to cut the said trees, by reason of a purchase by him from the grantee of the one seized of the lands upon which the trees were situated, a replication by the plaintiff to said plea, which avers, that at the time of the pretended sale to the defendant's vendor, the one making such attempted sale did not have the title or right to said trees, or to the surface of the land whereon said trees were located, and that the right and title to the same were in the plaintiff, is not demurrable on the grounds that the said replication brings the plaintiff's title into question, and that it is inconsistent with the complaint in which the plaintiff claims a fee simple title to the land.

7. *Application for new trial.*—On application for a new trial by defendant, after final judgment at law, on the ground of newly discovered evidence, the petition must show that the defendant was prevented from making the defense shown by the newly discovered evidence, by surprise, accident, mistake or fraud, without fault on his part.

8. *Execution of mortgage by plaintiff no defense to action to recover statutory penalty for cutting trees.*—Against all persons except the mortgagee, the mortgagor, whether before or after default, is regarded as the owner of the property mortgaged; and therefore, in an action to recover the statutory penalty for willfully and knowingly cutting trees, the fact that the plaintiff had executed a mortgage on the land from which the trees were cut to a third person constitutes no defense for the defendant, who claims no right under said mortgage.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by John F. Glover against the Turner Coal Company, under section 3296 of the Code, to recover the statutory penalty for willfully and

[Turner Coal Co. v. Glover.]

knowingly cutting down and destroying a large number of trees, alleged to be upon the lands of the plaintiff.

As originally filed the complaint contained five counts. In the first count the plaintiff claimed of the defendant $4,000 "for willfully and knowingly, and without the consent of the plaintiff, and in violation of section 3296 of the Code of Alabama, cutting down, destroying and taking away four hundred pine, oak, poplar, walnut and hickory trees and saplings in the months of June, July, August, September, October, November and December, 1891," from certain described property, "which said lands were not at that time, and are not now the property of the defendant, but were and are the property of the plaintiff." By the second count the plaintiff claims of the defendant "the further sum of $2,000 as damages for willfully and knowingly and without plaintiff's consent, and in violation of section 3296 of the Code of Alabama, having cut down and destroyed 200 pine trees which were on the land described in the first count," &c. In the third count the plaintiff claimed of the defendant, under similar allegations, the like sum of $2,000 for cutting down and destroying 200 oak trees and saplings. By the fourth count, under similar allegations, the defendant claimed of the defendant the like sum of $2,000 as damages for cutting down and destroying 200 pine and oak trees and saplings. By amendment the fifth count of the original complaint was stricken out, and the sixth, which was in the following language, was supplied therefor : "And the plaintiff claims of the defendant the further sum of $2,000, the value of timber cut down, destroyed and converted by the defendant to his own use from the lands of the plaintiff as particularly described in the first count of the complaint, to-wit : 400 trees and saplings in the months of April, May, June, July, August, September, October, November and December." The plaintiff demurred to the complaint as amended upon the grounds that "there is a misjoinder of counts, in that the 1, 2, 3 and 4 counts are in debt and the sixth in assumpsit." This demurrer was overruled by the court, and the defendant then interposed a special plea, the substance of which is set out in the opinion. The plaintiff demurred to this plea upon several grounds. The 6th and 7th grounds are set out in the opinion. Upon the court sustaining the demurrer interposed by the plain-

tiff, the defendant amended his plea, and thereupon the plaintiff filed his replication to said plea which is copied in the opinion. The defendant demurred to the plaintiff's replication on the following grounds : 1st. That it traverses the color of title given to plaintiff by defendant which is not traversable. 2d. That it brings plaintiff's title into question which is not allowable in this action. 3d. That said replication is inconsistent with the declaration, in that it claims the surface only, whereas the declaration claims the land in fee-simple, and that it claims more land than the declaration. The court overruled this demurrer to plaintiff's replication, and thereupon the defendant declined to take issue upon it, or in any way plead to said declaration. The judgment entry then recites that, "Therefore, it is considered and adjudged by the court that the plaintiff is entitled to recover of the defendant the damages in this behalf sustained ; but the amount thereof being uncertain, and it appearing to the court that in this cause a jury having been waived, as by the statutes in such cases made and provided, now, upon plaintiff's motion, the court proceeds to hear and determine this cause upon the proof produced by the plaintiff." Among the evidence then introduced there was a deed from C. T. Lantrip to John F. Glover conveying the land involved in the suit from which the trees were cut; and there was also introduced a deed from John F. Glover to M. A. Glover and one from M. A. Glover to John F. Glover, conveying the same lands.

There were rulings of the court upon the defendant's objections to the introduction of these deeds in evidence, and also to the introduction of other evidence ; but the opinion renders it unnecessary to notice them in detail. Final judgment was rendered for plaintiff, assessing his damages at $2,000. The defendant appeals, and assigns as error the several rulings of the trial court.

The other cause (No. 322) is an appeal from the court overruling and denying a petition of the defendant for a new trial. The ground of this petition was, that at the time of the trial of the cause, and at the time of the cutting of the trees involved in the suit, John F. Glover and his wife had conveyed the lands upon which were situated the trees by a mortgage to one W. F. Peterson, and that, therefore, John F. Glover, the plaintiff in the suit, had no title thereto. The plaintiff demurred to the

[Turner Coal Co. v. Glover.]

petition, on the ground, that it did not aver that the defendant was prevented from making his defense at the trial of the cause by surprise, accident, mistake or fraud; and did not set up any facts or fact showing in what way surprise, accident, mistake or fraud prevented the defendants from making the defense. John F. Glover, in response to the petition, filed his affidavit in which he swore that the mortgage referred to in the petition had been paid and satisfied in full, and that nothing was due upon the same, for a long time prior to the institution of this suit; and that the real estate from which the trees were cut was, at the time of the institution of this suit, and was at the time of making of the affidavit the property of the plaintiff. The court refused the petition, and denied the application for a new trial.

A. LATADY, for appellant.

WADE & VAUGHAN, contra.

HARALSON, J.—The 5th count in the complaint was withdrawn before the court passed on the demurrer to it. A new count, No. 6, was filed in substitution for No. 5, stricken out by amendment. The defendant, thereupon, demurred to the complaint, as thus amended, on the specific ground, that counts 1, 2, 3 and 4 are in debt, and the 6, in assumpsit.

There is evidently a misjoinder of counts. The four first are causes of action for debt, proper in a case of this kind, and the 6th is in tort. It was not framed under section 3296 of the Code, as were the others. The demurrer is, "that there is a misjoinder of counts." If it had stopped there, without stating in what the misjoinder consisted, it would have been general, and faulty under section 2690, which forbids any objection by way of demurrer to be taken or allowed, which is not distinctly stated. Here, however, the defendant proceeded and stated distinctly, what the ground of its demurrer was, viz., that the four first counts were actions in debt, and the 6th in assumpsit. The defendant had the privilege of not demurring at all. It is one he may waive. When he demurs for a wrong reason, he waives all others, even if good; for, under our rulings, this court, under said section of the Code, is prohibited from con-

sidering any other objection than the one specified to which a plea or complaint may be subject; and, not being subject to the objection specifically stated, the demurrer must be overruled.—*Lakeside Land Co. v. Dromgoole*, 89 Ala. 507, 7 So. Rep. 444. In *Eads v. Murphy*, 52 Ala. 524, it is said : "When a demurrer is interposed, the court, can not consider any other objection than is specifically stated. However insufficient the pleadings may be, in other respects, if it is not obnoxious to the particular objections assigned, the demurrer must be overruled." The purpose of the rule is, to have defects pointed out, to give the party pleading an opportunity to cure them by amendment, if it can be done.— *Sledge v. Swift*, 53 Ala. 114. The demurrer to the complaint was properly overruled.

This action was brought under section 3296 of the Code, which has received construction at our hands. In *Rogers v. Brooks*, 99 Ala. 31, 11 So. Rep. 753, it was held that a complaint which avers that plaintiff is the owner of the land from which the trees were cut, stating their number and description, and that they were willfully and knowingly cut by defendant, without plaintiff's consent, contained all the facts required to be alleged by the statute, and will be treated as being an action in debt.

In *Allison v. Little*, 93 Ala. 152, 9 So. Rep. 388, it was held, that the right of action under said section of the Code is given, not to the person in possession, but to the owner of the land, whether he was in possession or not at the time of the commission of the trespass.

The demurrer to the complaint having been overruled, the defendant pleaded specially that one Coleman T. Lantrip was seized of the lands described in the complaint, and before the alleged trespass conveyed to R. H. Turner the coal, iron ore, and other minerals on the lands, with the right to enter on the lands and open drifts, slopes and shafts for the purpose of mining coal, iron ore and other minerals, and, also, all the timber and water on the same, necessary for the development, working and mining of coal, iron ore and other minerals, and the preparation and removal of the same for market, and the right to build roads over the same, necessary for the convenient transportation of all such mineral products to market, also, the right to build houses for all machinery ; and that "said Turner by deed duly executed con-

[Turner Coal Co. v. Glover.]

veyed the same to defendant. And said plaintiff, claiming said lands by color of a parol demise for ten years, by the said Coleman T. Lantrip, made to him long before the conveyance aforesaid by Coleman T. Lantrip to said R. H. Turner, entered on the lands above mentioned, and was possessed of the same, and defendant, afterwards, entered upon plaintiff's possession, as lawfully it might, in manner complained of by said plaintiff and cut timber, as lawfully it might, and this is the injury complained of," and for which the plaintiff sues.

The plaintiff demurred to this plea on many grounds, two of which,—the 6th and 7th,—are, that "it is not averred in said plea, that it was necessary to cut said timber for the development, working and mining of said coal and iron and other minerals, and the preparation of same for market and their removal," and, "because it is not averred, that said timber was cut and used for the necessary purposes set forth in the foregoing ground of demurrer." The court sustained the demurrer on these grounds, and the defendant asked and was permitted to amend his plea, so as to meet these defects raised on demurrer.

The demurrer was properly sustained, for an averment of the right to cut the timbers for necessary purposes of development is not an averment that they were cut for such purposes. But, if there was error in the ruling, it is without injury, since the defendant insists in argument, that the plea, when properly and legally construed, means all that the plaintiff by his demurrer insists it did not contain, and that, in substance and effect, it was the same before as after amendment.

The plaintiff replied to the plea as amended, "That at the time of the said Coleman T. Lantrip's pretended sale to R. H. Turner, and said Turner's pretended purchase from him, (under and through whom the defendant claims its right to cut said trees and timber), that the said Lantrip did not have the title or right to said timber and trees, nor the right nor title to the surface of said land whereon said trees were located and from which they were cut, * * * but that the right and title to the same, were in plaintiff," etc. This replication was, perhaps, unnecessary, as the plaintiff might, possibly, have availed himself of the same facts, by joining issue on defendant's plea; but, be that as it may, the

[Turner Coal Co. v. Glover.]

replication was cautionary, and was, if true, a complete response to the plea. The plea sets up title to the surface of the land and shows, specifically, how defendant derives such title—through Turner, and he through Lantrip. The replication denies that Lantrip had such title in the land and trees as he claimed, which, at the time of the alleged sale, he could convey to defendant; and avers that plaintiff was the owner of the same, by conveyance from said Lantrip, previous to defendant's conveyance from him. The replication was not subject to the demurrer, as the same was interposed by defendant, and the court committed no error in overruling it.

The defendant declined to take issue on, or in any manner plead to said replication.

It is unnecessary to consider the other assignments of error. The plaintiff introduced evidence tending to prove that he was the owner of the lands from which the trees were cut, and the allegations, generally, of his complaints, and the facts set up in his said replication ; but, much of the evidence, which; it is said, was offered and admitted, is not set out in the bill of exceptions, and it is not stated that the bill contains all the evidence that was introduced. We must presume that there was sufficient evidence introduced to sustain the judgment rendered by the court, and the judgment is affirmed.

The case between the same parties, No. 322,—submitted by agreement and tried with the foregoing case, No. 296,—is a petition for a re-hearing in the last named case, under section 2872 of the Code. The petition fails to show that the defendant was prevented from making his defense by surprise, accident, mistake or fraud without fault on his part.—*Ex parte Wallace,* 60 Ala. 267 ; *Waldrom v. Waldrom,* 76 Ala. 289 ; *Barron v. Robinson,* 98 Ala. 351.

Even if defendant had known about the fact, on account of which he applies for a rehearing, viz., that there was a mortgage on the land from which the trees were cut, given by the plaintiff and his wife to a third person, it would have been of no avail as a defense to him ; for the mortgagor, whether before or after the default, is regarded as the owner of the property mortgaged against all persons, except the mortgagee.—*Allen v. Kellam,* 69 Ala. 443 ; *Comer v. Sheehan,* 74 Ala. 457 ; *Marks v. Robin-*

*son,* 82 Ala. 69, 2 So. Rep. 292 ; *Cotton v. Carlisle,* 85 Ala. 177, 4 So. Rep. 670.

If more were needed, the affidavit of J. F. Glover shows that the mortgage was on record at the day of the trial, and had been for a long time ; that the same has been paid and satisfied in full, and that the mortgagee has no claim on the land or interest in it.

There was no error in refusing the prayer of said petition. It was wholly insufficient for the relief it sought.

Affirmed.