# Shelby Iron Co. v. Ridley.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Statutory penalty for cutting trees; what necessary for maintenance of suit.*—To maintain a suit to recover the statutory penalty for cutting trees (Code, § 4137), it is incumbent upon the plaintiff to show that at the time of the cutting complained of he had the legal title to the trees or saplings, and that the defendant cut and carried them away knowingly and willfully and without his consent.

2. *Action to recover statutory penalty for cutting trees; admissibility of evidence.*—In an action to recover the statutory penalty for cutting trees, as prescribed by the statute, (Code, § 4137), where the plaintiff claims title to the trees in question under and by virtue of a deed executed to him by one T., and said T. claimed to have acquired his title to said trees from the defendant, it is competent for the defendant to show that his signature to the deed which he executed to T. was obtained by fraud.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This action was brought by the appellant, the Shelby Iron Company, against the appellee, J. T. Ridley, to recover nine hundred dollars for willfully and knowingly, and without the consent of the plaintiff, cutting down

33c

or destroying or, taking away ninety pine, oak, poplar, walnut and hickory trees and saplings, in violation of section 4137 of the Code of 1896. .

The facts of the case necessary to an undertanding of the decision on the present appeal are sufficiently stated in the opinion.

KNOX, DIXON & BURR, for appellant.—There was no error in excluding the testimony in regard to the execution of the deed by Ridley to Thurman, because: First, he intended to execute a deed and did execute one and placed Thurman in exclusive possession, and while in possession he, Thurman, sold the land to the Shelby Iron Co., and it being in possession, Ridley, going on this property and cutting the timber, was a trespasser.—*Higdon v. Kennemer*, 120 Ala. 193-199; *Brooks v. Rogers*, 101 Ala. 111-124; *Higdon v. Kennemer*, 112 Ala. 351. Secondly, This certainly is not competent in any kind of a suit against a *bona fide* purchaser for value without notice, who purchases for a valuable consideration, as the Shelby Iron Company did, from a person in possession and who had a deed on record, the same not being a forgery.—*Burrows v. Pacific Guano Co.*, 81 Ala. 255; *Thames & Co. v. Rembert*, 63 Ala. 561-570; *Putnam v. Sullivan*, 4 Mass. 45; 3 Am. Dec. 206; *Douglass v. Mating*, 29 Iowa 498; *Marks v. First Nat. Bank*, 79 Ala. 550.

DRYER & WEBB, contra.—The plaintiff must not only allege ownership, but the proofs must show ownership of legal title in the plaintiff.—*White v. Farris*, 124 Ala. 461; *L. & N. R. R. Co. v. Hill*, 115 Ala. 334; *Glenn v. Adams*, 129 Ala. 189; *Clifton Iron Co. v. Curry*, 108 Ala. 581; *P. T. Co. v. Lenoir*, 107 Ala. 640; *Russell v. Irby*, 13 Ala. 131; *Hamilton v. Griffin*, 123 Ala. 600; *Higdon v. Kennemer*, 120 Ala. 197; *Doe v. Edmundson*, 127 Ala. 445; *Harris v. Swanson*, 62 Ala. 299. The right of action to recover the statutory penalty for cutting down trees is given, not to the person in possession, but to the owner of the trees, whether he was in posses-

sion or not at the time the trespass complained of was committed.—*Allison v. Little,* 93 Ala. 150 ; *Turner Coal Co. v. Glover,* 101 Ala. 289 ; *White v. Farris, supra.*

The court erred in its ruling upon the evidence. If a signature to a deed is obtained by misrepresentation as to its contents or by any other fraudulent means, by which the grantor is induced to sign the instrument, of the contents of which he is ignorant, and to make a conveyance he did not intend to make, this constitutes fraud in the execution and renders the instrument inoperative even in a court of law. Such instrument has no legal force whatever, but is absolutely void for all purposes.—*Johnson v. Cook,* 73 Ala. 537 ; *Foster v. Johnson,* 70 Ala. 249.

TYSON, J.—This action was brought to recover the statutory penalty imposed by sections 4137 and 4138 of the Code. To successfully maintain the suit it was incumbent upon the plaintiff to show a legal title to the trees or saplings and that defendant cut or carried them away knowingly, willfully and without his consent.—*White v. Farris,* 124 Ala. 461 ; *Clifton Iron Co. v. Jemison Lumber Co.,* 108 Ala. 581 ; *Gravlee v. Williams,* 112 Ala. 539. Nor is it of any consequence that the plaintiff was in possession of the trees, if it has not the legal estate in them.—*Allison v. Little,* 93 Ala. 150 ; *Turner Coal Co. v. Glover,* 101 Ala. 289 ; *Gravlee v. Williams, supra.*

The plaintiff upon the trial introduced in evidence a deed from one Thurman of the trees, who claims to have acquired his title from the defendant, to a portion of the land from which it is alleged they were cut or removed. The defendant offered to show that his signature to the deed which he executed to Thurman was obtained by fraud. The court on the objection of the plaintiff declined to allow the evidence to be introduced. The trial resulted in a verdict and judgment for the plaintiff. On motion for a new trial, assigning twenty-seven grounds, the verdict and judgment were set aside because of the rulings of the court in refusing to allow the defendant

to make the proof above indicated. From the granting of the motion this appeal is prosecuted by the plaintiff.

It is thoroughly well settled by this court that if a party named as a grantee in a deed, by misrepresentation of what the paper contains or other fraudulent means, obtains, the grantor's signature to a paper he did not intend to sign, and did not know he was signing, this is fraud in the execution of the instrument which is available in a court of law.—*Foster v. Johnson*, 70 Ala. 249; *Davis v. Snider, Ib.* 315, and cases cited. This principle does not seem to be controverted. The contention is that it has no application and cannot be invoked by defendant against the plaintiff because it is a *bona fide* purchaser for value without notice. If that status had been shown it would present the contention insisted upon by appellant for our consideration and decision. But as the evidence does not show it to be a *bona fide* purchaser for value of the trees, the principle is applicable and affects the validity of the deed under which it claims title as much so as the deed under which Thurman claimed title to the land and trees before making the conveyance to the plaintiff.

The recital in the plaintiff's deed of value paid for the trees is not evidence against the defendant who is not a party to it or a privy under it.—*Fitzpatrick v. Brigman*, 130 Ala. 455, and cases cited therein.

There is no merit in the contention of appellant that the evidence offered by defendant, to show fraud in the execution of the deed to Thurman, should have been excluded because the deed or the record of it was not produced. He did not rely upon it to show title to the trees in himself, or to show an outstanding title to them in a third person. He admitted signing it and admitted that it conveyed the title to the land, unless he could successfully show that his signature was obtained by fraud. Besides, it was shown to have been delivered to the plaintiff and in its possession. Nor can it be said, as contended by appellant, that the exclusion of the evidence offered was error without injury. Under the evi-

dence it is impossible to say, that the damages assessed by the jury were for the trees cut on lands purchased by Thurman for the Houston heirs and not for any tree or trees cut or removed from the land claimed by Thurman under the deed from the defendant.

Affirmed.